**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv849
[3:93cr264]**

| | |
|---|---|
| ANTOINE DEWAYNE WELLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | SCREENING ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the court on petitioner's "Leave to Proceed" (#4), which the court deems to be a Motion to Reconsider the court's Order (#2) dismissing his *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1).

On April 25, 1994, petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), unlawful use of fire and explosives in committing a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 844, 2 (Count Six), possession with intent to distribute an excess of 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Eight), and unlawful distribution of in excess of 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On August 29, 1994, petitioner was sentenced to 360 months imprisonment on each of Counts One, Eight and Nine, to run concurrently, five (5) years imprisonment on Count Two, to run consecutively with Counts One, Eight and Nine, and five (5)

1

years imprisonment on Count Six, to run consecutively with Counts One, Two, Eight and Nine.

Petitioner filed a Notice of Appeal on August 31, 1994. On May 8, 1996, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment and dismissed petitioner's appeal. The judgment in this matter became final on August 6, 1996, when petitioner did not seek *certiorari* from the United States Supreme Court.1  On January 6, 1997, petitioner filed his first Motion to Vacate (#134), and on May 1, 1997, this court denied such motion. Order (#135). In the earlier Order, this court determined that based on the previous § 2255 filing and this court's resolution of that motion, the instant petition was a second or successive petition under the *Antiterrorism and Effective Death Penalty Act* (hereinafter the "AEDPA"). See 28 U.S.C. § 2255.  The court further advised petitioner that the AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court.  28 U.S.C. § 2244(b)(3)(A). Thus, the merits of petitioner's claims cannot be considered by this court because petitioner failed to first seek authorization from the Court of Appeals for the Fourth Circuit before filing the second petition in this court.

In the Motion to Reconsider, petitioner states that his petition is not frivolous and that "this Circuit sometimes excuses procedural defaults such as untimeliness . . . ." Motion (#4) at 1. Petitioner misunderstands the nature of this court's earlier dismissal: such dismissal did not reach

---

1   In calculating the 12 months from the date on which the Judgment of Conviction becomes final, a conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 1998 WL 756928, *1 (4th Cir.1998)(unpublished; citations omitted).  Inasmuch as the Judgment of United States Court of Appeals was entered May 8, 1996, the judgment became final 90 days later when petitioner failed to file a petition for *certiorari* with the United States Supreme Court.  Rule 13 (1), Rules of the Supreme Court; Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir.2000) (noting that when no direct appeal was taken from the original judgment of conviction, the judgment of conviction became final when the time for filing a direct appeal expired).

2

the merits of his claim and was not based on the petition being untimely under § 2255(f)(1). Rather, this court lacks jurisdiction to reach the merits of the petition or even determine whether it is timely without petitioner first applying to and receiving permission from the Court of Appeals for the Fourth Circuit to file a second or successive petition. For those reasons, the court will grant the Motion to Reconsider and reaffirm the earlier Order dismissing this action without prejudice.

## ORDER

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that petitioner's "Leave to Proceed" (#4), which the court has deemed to be a Motion for Reconsideration of the court's Order (#2) dismissing his *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1), and the Motion to Reconsider is **GRANTED**, and upon reconsideration the court's Order (#2) is **REAFFIRMED**.

Signed: March 11, 2013

Max O. Cogburn Jr.
United States District Judge

3